OLIVER BANNISTER, appellant, v. WILLIAM M. READ *et al.*, appellees.

*Appeal from Randolph.*

Although one party to a contract may not alone rescind it, he may, nevertheless, by neglecting or refusing to perform it on his part, place it in the power of the other party, where he is not also derelict, to avoid it, or not, at his pleasure. The breach of one party may, in such case, be treated by the other as an abandonment of the contract, authorizing him, if he choose to do so, to disaffirm it; thus the assent of both parties to the rescision of the contract is sufficiently manifested, that of the one, by his neglect or refusal to perform his part of the contract, and of the other, by his suing for the value of any act done, or payment made by him under the contract, as if it had never existed.

A. entered into a contract with B. and C. to sell and convey unto them certain real estate for a stipulated sum in instalments, and bound himself to make certain improvements upon such estate. A. failed to make such improvements, and the parties submitted the matter to the arbitration of three individuals, and entered into bonds with each other "well and truly to obey", &c. the award of the arbitrators "of and concerning a disputed contract in and on a grist mill between the abovenamed parties," &c. An award was made by two of the arbitrators, and A. refusing to comply therewith, sued in ejectment and dispossessed B. and C. The latter sued A. in *assumpsit* to recover back the payments they had made on the original contract, on the ground that it was abandoned by A. To support their declaration, they were permitted to read to the jury the record of the proceedings in the ejectment suit, and the writ of possession issued therein: *Held*, that this evidence was properly admissible to show a clear and unequivocal abandonment of the contract on the part of A.

In further support of their declaration, B. and C. were permitted to read to the jury the arbitration bonds before mentioned, and to introduce parol testimony to prove the subject matter of the arbitration, as also to read the award made by two of the arbitrators: *Held*, that the award was improperly admitted, because the award of two of three arbitrators is void, if the third arbitrator has no notice to act in the matter, and because it purported to be the award of three, when, in point of fact, it was only the award of two of them; furthermore, the award, being made in affirmance of the contract, could not be used in evidence in this action, the basis of which is a disaffirmance of that contract.

If an action is brought to recover damages for the breach of a contract, evidence tending to affirm such contract is admissible; in that event, the award before mentioned would have been proper to establish the damages.

ASSUMPSIT in the Randolph Circuit Court, brought by the appellees against the appellant, and heard before the Hon.

Bannister *v.* Read *et al.*

James Shields and a jury, September term 1844. Verdict for the plaintiffs below for $475.

*D. J. Baker*, for the appellant:

I.   The paper purporting to be an arbitration bond, read in evidence as a contract of submission to the arbitration of James Mc Murdo, James Bigham, and James Newell, afforded no evidence of such submission, and should have been excluded, because

1.   It did not specify the subject matter of the controversy between the parties intended to be referred to the decision of the arbitration.   As a contract between the parties to the suit, it does not show what they had agreed to arbitrate.   *"A disputed contract in and on a grist mill"* was submitted, and what is that?

2.   It contained nothing relevant to the issues, to be tried in the case.

II.   Parol testimony cannot be received to explain, help out, or add to, a written contract, and in this case, was improperly admitted, to show what the parties to the contract of submission to arbitration had agreed to submit, and did, in fact, submit, to the arbitration for their decision.   *Doyle* v. *Teas*, 4 Scam. 254; *Sinard* v. *Patterson*, 3 Blackf. 359; *Baker* v. *Whiteside*, Bre. 132; *Lane* v. *Sharp*, 3 Scam. 573. In general, an agreement in writing merges all previous parol agreements and conversations.   *Munroe* v. *Perkins*, 9 Pick. 298; *Adams* v. *Nichols*, 19 do. 275.

III.   The paper purporting to be an award made by James Bigham and James Newell, two of the arbitrators, afforded no evidence that any award had been made by them, binding upon the parties to this suit, because,

1.   It did not conform to the submission.   An award must conform to the submission, or it is void.   1 Bac. Ab. 213; *Macomb* v. *Wilber*, 16 Johns. 227.   It must be final and certain, &c., and clearly define what is to be done.   An award to finish a house, without describing the house meant, is void for uncertainty.   So, an award that one party pay to the other one eighth of the prize money drawn by lottery tickets,

numbers 3, 8, 43, after deducting the amount already paid, it not appearing what was the amount paid, is neither final, nor certain, and consequently void. *Waite* v. *Barry,* 12 Wend. 377; *McDonald* v. *Bacon,* 3 Scam. 429.

2. It did not show that McMurdo was present and heard the cause, or that he had been notified of his appointment and declined to attend. R. L. 78; Gale's Stat. 60.

3. It does not show that the arbitrators were sworn before they acted on the case, or that the parties were notified of the time and place of the acting of the arbitrators. *Ibid.*

4. It is void for uncertainty, and it is not final, not awarding that any controversy shall cease, or that the parties shall execute releases. 1 Bac. Ab. 213. Cannot be expounded by matter *dehors,* &c. It must appear on its face. *Ibid.* 214, 216, 217, 220, 226.

5. It affords no evidence relevant or pertinent to the decision of the issues joined in the case. By looking into the bond to see what was submitted, and then into the award to see what is attempted to be decided, it will be difficult to discover that the adjudications in the latter have grown out of the former, or that any matters, such as they have decided, had been referred to them. The award exceeds the submission, if it is capable of being understood. It does not profess to find concerning *"a disputed contract in and on a grist mill."* Kyd on Awards, 126, 198, 216.

IV. The record of the proceedings, judgment, and execution, in the ejectment case brought by Oliver Bannister against Read and Brown, afford no evidence pertinent or relevant to the issues on trial.

V. The instruction asked by the defendants on the trial was authorized, and should have been given, because,

1. There had been adduced evidence, going to establish the truth of the special matter contained in the notice of the defendant.

2. There had been testimony tending to prove that the items claimed in the account attempted to be proved by the plaintiffs, were payments made, or were things paid towards the land, &c., contracted by the defendant to be sold to the

Bannister *v.* Read *et al.*

plaintiffs, and which he, in the sealed indenture, or articles of agreement, had covenanted to convey to the plaintiffs, upon being paid therefor, in the manner as therein stipulated.

VI. The instruction asked by the plaintiffs, and given by the Court, is indefinite and irrelevant to the issues, and might tend to mislead the jury.

VII. To rescind the contract of sale of land, &c., or articles of agreement for the sale thereof in this case, required the assent of both parties to it. A breach of the covenants contained in it, by both or either of the parties, could, in no sense, be considered a rescinding of the same. *Sinard* v. *Patterson,* 3 Blackf. 357; *Seymour* v. *Bennett,* 14 Mass. 266; *Fuller* v. *Hubbard,* 6 Cowen 13; *Canfield* v. *Westcott,* 5 do. 270; *McGaunten* v. *Wilbur,* 1 do. 257; *Green* v. *Green,* 9 do. 46; *Gillett* v. *Maynard,* 5 Johns. 85; *Ellis* v. *Hoskins,* 14 do. 363; *Rounds* v. *Baxter,* 4 Greenl. 454; *Smith* v. *Haynes,* 9 do. 128; *Lane* v. *Shackford,* 5 N. Hamp. 130.

*W. H. Underwood,* for appellees, as to the rescision of the contract, cited *Clark* v. *Green,* 4 Pick. 114; *Gillett* v. *Maynard,* 5 Johns. 87; *Richards* v. *Allen,* 17 Maine, (5 Shepley,) 299; *Weaver* v. *Bentley,* 1 Caines, 47; *Dearborn* v. *Cross,* 7 Cowen, 48; *Butts* v. *Huntley,* 1 Scam. 410; *Herrington* v. *Hubbard,* Ib. 569; *Reed* v. *Phillips,* 4 do. 50; *Longworth* v. *Taylor,* 1 McLean, 405; Chitty on Contracts, 249.

An application for a new trial should have been made, on the ground of permitting improper evidence to go to the jury. *Evans* v. *Lohr,* 2 Scam. 514; *Leigh* v. *Hodges,* 3 do. 17.

*L. Trumbull,* on the same side:

For any thing that appears in the record, the contract may have been rescinded by a sealed instrument; but a contract under seal may be waived by a parol agreement. *Munroe* v. *Perkins,* 9 Pick. 298.

An award cannot be collaterally avoided; if made under a rule of court, it may be set aside by the Court on motion: if made by agreement of parties, can only be set aside by a proceeding in equity. 3 Phil. Ev. 1025; 1 Day, 130.

It was competent to show by parol what was the matter referred to by arbitrators. 3 Phil. Ev. 1039; *Robertson* v. *McN'iel,* 12 Wend. 578, 581.

The doctrine on the subject of awards has undergone a change; formerly, the Courts sought to avoid them, now to sustain them by intendment. Watson on Awards, 102.

As to certainty of awards, it is the duty of Courts to find award final and certain. Ibid. 103, 119, 120.

As to the award by two only of the arbitrators, the submission authorized it. *Lutz* v. *Linthicum,* 8 Peters, 165.

The award need not show that notice was given to the party, and the Court should construe it favorably, unless it appears on its face to be irregular.

There was evidence before the jury to show that Bannister sold the premises to a third person, and that person was in possession. This was evidence of a rescision of the contract.

As to the instructions asked for by Bannister:

1. As to furnishing work, &c., under the contract, was properly refused.

2. As to yearly value of the mill, it was properly given, not being intended to govern the verdict.

*G. P. Koerner,* for the appellant, in conclusion:

I. The arbitration is void.

The submission was too uncertain: it does not show what portion of the contract was in dispute. It contains no rule, therefore, by which the correctness or incorrectness of the award could be tested. Watson on Awards, 8.

An award, omitting to decide questions submitted, or deciding questions not submitted, is void. Ibid. 10, 105, 115.

The submission was to three, and the award by two is void, where it purports to be drawn by all, but is executed by a part only, it is void. *Green* v. *Miller,* 6 Johns. 39; *Towne* v. *Jaquith,* 6 Mass. 46; *Thomas* v. *Harroll,* 1 Sim. & Stu. 524; 1 Harrison's Dig. 113.

Where three arbitrators have been appointed, and, two have the power to make an award, it must appear that the

third had notice to attend. Watson on Awards, 65; Willis, 215.

The award is void for uncertainty; it is not final. Ibid. 120; *McDonald* v. *Bacon*, 3 Scam. 432.

An award to pay the costs of arbitration, without stating how much, is void. *Peters* v. *Pierce*, 8 Mass. 398; *Schuyle* v. *Van Der Veer*, 2 Caines, 235.

Where the submission is in writing, it cannot be shown, by parol evidence, what was submitted; this ambiguity cannot be explained. *Doyle* v. *Teas*, 4 Scam. 202; 1 U. S. Dig. 212, § 328.

II. If the award was good, it was then conclusive between the parties. The former contract was merged; neither party could abandon it. The plaintiffs' remedy was on the award; they could have pleaded it in ejectment as a bar, or used it to obtain an injunction. *Tevis* v. *Tevis*, 4 Monroe, 47; 6 Littell, 263; *Cox* v. *Jagger*, 2 Cowen, 638; *Sellick* v. *Addams*, 15 Johns. 187; 2 Starkie, 85.

An action brought for the same cause of action of which an award has been made, is barred by the award. In an action of *assumpsit*, it may be given in evidence under the general issue. 2 Chitty's Pl. 469; *Ingram* v. *Milnes*, 8 East, 445; 1 Johns. 187; 2 Starkie, 86.

III. The instruction was wrong under any circumstances. The conclusion of arbitrators could not be substituted for facts, from which the jury in this case ought to have concluded.

Besides introducing the award in this collateral manner, the defendant was taken by surprise. The award could not be impugned. Matters to avoid the award could not be introduced by the defendant. 2 Starkie, 86.

The Opinion of the Court was delivered by

THOMAS, J.* The plaintiffs below, Read and Brown, sued the defendant in *assumpsit*. The declaration contained

---

*WILSON, C. J. did not hear the argument in this cause, and gave no opinion.

only the common counts, for work and labor done, materials furnished, goods, &c. sold and delivered, and for money lent, had and received, paid, and found due on account stated between the parties. The defendants pleaded,—1. Non-assumpsit—2. Payment—3. A set off for the use and occupation of a messuage, and premises of the defendant, occupied by the plaintiffs by defendant's permission, and for the work and labor of the defendant, &c. &c.—4. A notice of special matter, to wit: that on the 10th December, 1841, the plaintiffs, by their written indenture, entered into between them and the defendant, sealed with their respective seals, &c., covenanted with the defendant, among other things to pay and furnish and render unto the defendant the goods, wares, lumber, money, &c., which are claimed by the said plaintiffs in their declaration to have been rendered and furnished to said defendant by said plaintiffs, and the moneys, &c., paid and rendered by the said plaintiffs to said defendant as alleged in the said declaration, were rendered, furnished and supplied to said defendant under, and by virtue of said indenture, and in part satisfaction and discharge thereof, and that said defendant is in no wise indebted to said plaintiffs, except, &c. There were traverse and joinder of these pleas; a trial on the issues formed, and a verdict and judgment for plaintiffs for $475, and costs. From that judgment the defendant appeals.

The history of the case is contained in the bill of exceptions taken and filed during the progress of the trial. It thereby appears, that the account of the appellees against the appellant accrued in manner and form as alleged by the appellant in his notice of special matter. That, on the 10th December, 1841, the appellant sold to the appellees certain real estate on which was a saw and grist mill, to be paid for partly in cash, the balance in the products of the mill, as in sawing and in grinding, and in lumber, meal, &c. That articles of agreement evidencing said sale were entered into, duly signed and sealed by the said parties; that two hundred dollars, part of the account now sued for, was paid and credited on the said articles, at the time of their execution, and the

Bannister *v.* Read *et al.*

lumber and other items of appellees' account were afterwards paid and furnished by them to the appellant from time to time under the contract; and that the appellees were placed in possession of the premises thus purchased by them, at the time of the said purchase, and so continued in their possession, until afterwards evicted by the appellant, by proceedings in ejectment, before the expiration of the time for completing the payment for the said property, agreed upon by the parties.

The appellees, treating the contract under and on account of which they had made the aforesaid payments as abandoned by the appellant, brought this action in disaffirmance of the said contract, and to recover back the value and amount of the payments thus made. As evidence of such abandonment, they offered to read to the jury the record of the proceedings in a certain action of ejectment prosecuted by the said appellant, at the April term, in the year 1843, of the Circuit Court of Randolph county, against the appellees for the recovery of the possession of the said mill and other real estate in the said articles of agreement mentioned, and also the writ of possession issued upon the judgment rendered at the April term 1844, of the said Court, in the said action of ejectment. To the reading of this evidence to the jury the appellant objected, and his objection was overruled and the evidence admitted. The appellant excepted, and this decision of the Circuit Court is now assigned for error, and although not the first error, in the order of assignment, it yet merits the earliest consideration, as going to the appellees' right to maintain their action.

It is insisted by the counsel for the appellant that the evidence in question did not tend to show a rescision of the contract, as it was the act of only one party to the said contract, and for the purpose of rescinding, the assent of both parties was necessary. These premises are correct, but the conclusion drawn from them is not. Although one party to a contract may not alone rescind it, he may, nevertheless, by neglecting or refusing to perform it on his part, place it in the power of the other party, where he is not also derelict, to avoid

it, or not, at his pleasure. The breach of one party may, in such case, be treated by the other as an abandonment of the contract, authorizing him, if he choose to do so, to disaffirm it; and thus, the assent of both parties to the rescision of the contract is sufficiently manifested, that of the one, by his neglect or refusal to perform his part of the contract, and of the other, by his suing, not for such breach, but for the value of any act done, or payment made by him under the contract, as if it had never existed. *Clark* v. *Greene.* 4 Pick, 114; *Gillet* v. *Maynard,* 5 Johns. 85; *Weaver* v. *Bentley,* 1 Caines, 47; Chitty on Contracts, 249; *Richards* v. *Allen,* 17 Maine, (5 Shepley,) 299; *Butts* v. *Huntley,* 1 Scam, 410; *Herrington* v. *Hubbard,* Ib. 569; *Reed* v. *Phillips,* 4 do. 40; *Longworth* v. *Taylor,* 1 Mc Lean, 405. But, to treat the breach of the contract, or its abandonment by either party, as operative of itself to annul the contract without the assent of the other party, and so as to deprive him of the benefit of the contract, in an action to recover damages for such breach, he not being also in default, would be to violate the principle relied upon by the appellant in support of this assignment of error. In this view of the case, the proposed evidence was properly admissible to show a clear and unequivocal abandonment by the appellant of the contract to sell and convey to the appellees the premises in question, and under which the payments now sought in this action to be recovered back, were made.

In connection with this question, it is proper here to consider the refusal of the Circuit Court to instruct the jury as requested by the appellant, "that if they believed from the evidence in this case, that the money sought to be recovered by the plaintiffs from the defendant, consists of payments made by the said plaintiffs toward the mill and property, which the said defendant had, by the written and sealed articles of agreement referred to in this case, covenanted to convey by deed to the said plaintiffs, upon their paying to the said defendant the sum of twelve hundred dollars, part of the consideration to be paid by them for said mill and property, and that the same was so paid by said plaintiffs to said defendant as part of said twelve

hundred dollars, then they cannot find for said plaintiffs in respect thereof." In this, as is apparent from what has already been said, there was no error. The instruction, as asked for, denied the right of the appellees to recover back payments made by them under the contract, without reference to the question whether such contract was still in force, or had been abandoned or rescinded by the parties, and therefore could not properly have been given. The Court might, if it had chosen to do so, have so modified the instruction, as to make the right of the appellees to recover for payments made by them under the contract, contingent upon its abandonment, and given it as modified, but was not imperatively bound to do so.

But these decisions of the Circuit Court, in reference to the appellees' right to recover back payments made under the contract, are not the only ones complained of. The appellees, on the trial in that Court, offered in evidence certain arbitration bonds entered into between the parties, on the 23d January, 1843, conditioned "well and truly to obey" the award of three persons therein named as arbitrators, "of and concerning a disputed contract in and on a grist mill, between the abovementioned parties," &c. and the reading of said bonds in evidence to the jury was objected to by the appellant, but his objections were overruled and the papers read in evidence. The appellees were thus permitted, notwithstanding the appellant's objections, to prove by several of the arbitrators, and also by other persons, what was submitted to them for arbitration by the said parties, &c. and thereupon to read in evidence to the jury the award of James Bigham and James Newell, two of the aforesaid arbitrators, as proved by them, and which was in the words and figures following, to wit: "Eden, January 21st 1843. We the arbitrators award that Oliver Bannister pays for the work that is done on said mill, by William M. Read and Brown, $132; we award that said Bannister pays for making a new shaft and putting in said mill, $10; we also award that said William M. Read and Brown stops $500 on first specie payment mentioned in the article of agreement between said parties as payment, $500; and that the said William M. Read and Brown pays to said

Oliver Bannister the balance due on the $700, according to the directions of the article between said parties, and the deeds mentioned in the article be warrantee deeds: and also award that the above $132 be part of the pay of the first $700, as trade on the face of the article," &c. &c.   Signed and sealed by said James Bigham and James Newell.   The several opinions of the Court in permitting the aforesaid arbitration bonds, parol evidence in explanation thereof, and award, to go in evidence to the jury, were excepted to by the appellant, and are now assigned for error.   But I deem it unnecessary to notice any of the various objections made to the legal admissibility of the evidence offered as preliminary to the introduction of the award, or to consider more than one or two of the many grounds of assault upon the award.

Whether any of the remaining objections to the admission of that paper in evidence are well taken or not, there can be no doubt, that it was void for the reasons, *first*, that it was made by only two of the three arbitrators, to whom the reference was made, without any notice to the third arbitrator and refusal by him to act; (Watson on Awards, 65;) and *second*, that it purports to be the award of the three arbitrators to whom the reference was made, and is, in point of fact, executed by only two of them.   Watson on Awards, 8; 1 Harrison's Dig. 113; *Thomas* v. *Harroll*, 1 Sim. and Stu. 524.

But there is also another point of view, in which this award was inadmissible in evidence for any of the purposes of this suit, if no other objection to it had existed.   That is, that that proceeding was in affirmance of the contract, whereas this action was brought for its disaffirmance.   The arbitration was resorted to for the purpose of ascertaining and settling the state of accounts between the parties as arising under the contract, up to the date of the reference, and with a view to the subsequent specific performance thereof, according to its terms.   The contract being the basis of the adjustment of accounts by the arbitrators, they adjudge, not that the appellees shall recover back payments made to the appellant for the purchase of the property in their possession, deducting therefrom the appellant's just and reasonable claim

for the use and occupation of such property; but that the appellant shall keep all that he has received, and be entitled to still further payments until fully paid for the property, and then execute his deed to the appellees therefor, thus resuscitating the contract, and continuing it in force, when, by the appellant's breach of it, it might by the appellees have been disaffirmed. To recognize such evidence as admissible for the purposes of this suit would be, to make proceedings under and in affirmance of the contract available for the purpose of disaffirming it. This would be manifestly improper. If, however, the action had been brought upon the contract to recover damages for its breach, thus affirming it, the award would have been conclusive to show the state of accounts between the parties under it, including as well the appellees' damages by reason of the appellant's breach, as the payments made by them up to the date of the reference. In this view of the case, it necessarily follows, that the Circuit Court erred as is alleged by the appellant in and by his assignment of errors, as well in admitting the award in evidence, as in instructing the jury on the appellant's request as it did, "that in determining the yearly value of the mill, &c. the jury will take into consideration the award of the arbitrators, as to the damages sustained by the plaintiffs."

For these errors, and without examining any of the various other questions sought to be presented for our consideration in this case, the judgment of the Circuit Court will be reversed with costs, and the cause remanded with directions to award a *venire de novo*, and for other and further proceedings conformable to this Opinion.

*Judgment reversed.*