## James McKenna v. Julia McKenna.

### Gen. No. 11,492.

1. VARIANCE—*what not.*  Where the consideration recited in an instrument is substantially in accord with that alleged in the declaration, a variance does not exist.

2. CONSIDERATION—*what is good in law by way of.*  An instrument which upon its face shows mutual covenants to be performed on the part of the parties thereto, states a consideration sufficient in law.

3. GENERAL ISSUE—*what admissible under, in action of assumpsit.*  In an action of assumpsit, evidence is admissible under the general issue which tends to show that the plaintiff assented to the abandonment and repudiation by the defendant of the contract in suit.

4. REMEDY—*where one party abandons contract.*  Where one party to a contract which provides for the payment of certain installments of money, seeks to abandon the same, the other party may (1) stand by the contract, refusing to assent to such abandonment and sue for the installments as they fall due; (2) stand by the contract, refusing to assent to such abandonment and sue for a total breach and have general damages; or (3) assent to such abandonment and thereby effect a rescission, thus assuming a position as if the contract had never been made.

5. CONTRACT—*when deemed abandoned by both parties.*  Where one party to a contract seeks to abandon the same and the other party thereto by conduct has acquiesced in such abandonment and affirmatively taken a position inconsistent with its existence, the contract is deemed to have been abandoned by both parties and to be no longer operative as against either of them.

McKenna v. McKenna.

6. REMARKS OF COUNSEL—*when ground for reversal.* Notwithstanding improper remarks have been objected to and the objections thereto sustained, a reversal may be ordered on account thereof if the remarks are of such a prejudicial character as not to have been effaced in effect by the sustaining of the objections thereto.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed February 10, 1905.

**Statement by the Court.** This is an action of assumpsit upon the following written agreement:

"This agreement made and entered into at Chicago, Illinois, this 14th day of July, A. D., 1894, by and between Julia, otherwise called Bridget Doyle, an unmarried woman, and James McKenna, an unmarried man, WITNESSETH:

That whereas, the said Julia or Bridget Doyle, by the name of Julia McKenna has filed in the Circuit Court of Cook County a bill in chancery, in cause General Number 131,676, in said court against the said James McKenna, wherein she alleges, among other things, that she is the wife of the said James McKenna and prays, among other things, a separate maintenance as such alleged wife, but the said James McKenna denies that she is his wife;

And whereas, in fact the said Julia, or Bridget Doyle, so suing as Julia McKenna, is not and never has been the wife of the said James McKenna, and she has no legitimate claims, past, present or future, in his lifetime or after his death against him or his property or estate as his wife, and hereby agrees to make no such claims and consents that a decree may be entered in said chancery cause dismissing her said bill against him for want of equity;

Now therefore, in consideration of the premises, the said James McKenna hereby covenants and agrees to pay to her, the said Julia, or Bridget Doyle, otherwise calling herself Julia McKenna, Thirty Dollars ($30.00) in cash on the execution of this agreement, the payment and receipt of which is by her hereby acknowledged, and also to pay to her Thirty Dollars ($30.00) per month on the 14th day of every calendar month hereafter as long as she shall live; and he further covenants that he will pay all reasonable and necessary bills which she may incur for medicines and medical services on account of any sickness or injuries which may befall her during her life; and the obligations

and covenants herein of the said James McKenna shall be binding upon him, his heirs, executors and administrators;

The said Julia, or Bridget Doyle, hereby accepts the provisions herein made for her in full satisfaction, extinguishment and for full release and renunciation which she hereby gives and makes of all claims, rights, and interests which she would or might have upon the said James McKenna and his proporty or estate during his lifetime or after his death, if she were or had been his wife.

This agreement is made and accepted on both sides in full settlement of all past and present differences between them of every name and nature whatsoever.

Witness our hands and seals this day and date aforesaid.

JULIA McKENNA      [SEAL]
suing as JULIA McKENNA,
JAMES McKENNA      [SEAL]
JAMES McKENNA."

The defendant, appellant here, made seven monthly payments under the agreement and then defaulted, refusing to make any further payments, and repudiating the agreement.

On July 23, 1896, about a year and a half after the repudiation of the agreement by appellant, it appears from the plea of appellant and from evidence offered by appellant but excluded by the court, that appellee filed in the Circuit Court of Cook County her bill for separate maintenance, alleging that she was the common-law wife of appellant; that on July 5, 1894, she had brought a former bill for separate maintenance against appellant, and that on July 14, 1894, while her former bill for separate maintenance was pending, appellant had induced appellee to sign the " false and fraudulent agreement" of July 14, 1894, referring to the above agreement, and that appellant had fraudulently procured the decree dismissing her former bill for want of equity to be entered, and prayed that said decree be declared of no effect, and that appellant be decreed to pay appellee alimony, etc. Appellant answered the bill filed July 23, 1896, and denied that appellee was his wife. Replication was filed and after hearing on the issues a decree was entered in that case on July 21, 1897,

finding that appellee was the wife of appellant, and that the " pretended contract recited in the bill (being the contract sued on in this case) is not the contract of the complainant, but is wholly void," and said decree thereupon ordered appellant to pay appellee $30 in one day, $500 in ten days, and $80 a month thereafter for her support and maintenance, and $5,500 as her solicitor's fees. On appeal to this court, we found that appellant and appellee were not married, and reversed the decree of the Circuit Court. The case was then taken to the Supreme Court, which affirmed the decree of this court. Thereupon this suit was brought to recover general damages on the contract.

The amended declaration filed in this case consists of (1) the common counts for money lent, money paid by plaintiff for defendant, money received by defendant for use of plaintiff, work done by plaintiff for defendant, interest, and amount due on account stated; (2) special count for breach of the instrument of July 14, 1894, the first special count having been withdrawn on the trial.

The defendant pleaded (1) non-assumpsit, (2) no good or valuable consideration for the instrument sued on, (3) five-year Statute of Limitations to the common counts, and (4) a special plea to the second special count of the declaration, alleging that the sole consideration of the contract was, as expressed therein, the acknowledgment by appellee that she was not and never had been the wife of appellant, and that she had no legitimate claim at any time against him or his property as his wife, and her agreement to make no such claims, and that her chancery suit then pending should be dismissed for want of equity and her renunciation and release of all claims and interests which she might have against appellant or his property or estate; that after his repudiation of the contract appellee filed her bill against him and sets forth the proceedings thereon as above stated, and that appellant was obliged to pay out $10,000 for costs and legal services in defending said suit, and that in and by the commencement and prosecution of said suit appellee elected to and did rescind and join in appellant's repudia-

tion of the contract and that appellee is estopped from maintaining any action for the breach of the contract.

A general demurrer was sustained to this plea, and appellant stood by his plea.

Appellant offered in evidence on the trial the files and records in the separate maintenance suit under the general issue, but the court sustained a general objection thereto, "on the ground that the proceedings in that case do not constitute an estoppel as against the plaintiff in this case."

The trial resulted in a verdict and judgment for $13,500. This appeal is prosecuted to reverse the judgment. Errors are assigned on the admission and exclusion of evidence, the refusal to give defendant's instructions, improper remarks and statements of one of appellee's attorneys in the presence of the jury respecting the financial wealth of the defendant, and the denial of the motion for a new trial.

GANSE & CRAIG, for appellant; HARRISON MUSGRAVE, of counsel.

WILLIAM A. DOYLE, for appellee; JAMES D. ANDREWS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

It is urged that the Circuit Court erred in admitting in evidence the contract sued on, because the consideration set forth in the second special count of the amended declaration, the only count under which the instrument was admissible, differed materially from that expressed in the instrument.

The last clause of the instrument says "this agreement is made and accepted on both sides in full settlement of all past and present differences between them of every name and nature whatsoever." This is a general statement of the consideration for the agreement, and it is substantially the consideration averred in the second special count. While the instrument recites the bill filed by appellee against appellant and that it should be dismissed for want of equity, and that appellee was not and never had been

the wife of appellant and that she agreed to make no such claims, etc., this must be regarded only as a more specific statement of the consideration afterwards expressed in the same instrument and substantially averred in the special count. We do not think, therefore, that the court erred in admitting the agreement in evidence.

It is also urged that a want of consideration appears affirmatively on the face of the instrument sued on. We cannot assent to this contention of appellant. The instrument shows on its face that there were serious differences between the parties, and that those differences were compromised and settled in the manner expressed in the instrument. The instrument shows mutual covenants to be performed on the part of both parties to it, and that the covenants of one party were in consideration of the covenants of the other party. Thus the instrument on its face expresses a good legal consideration.

Error is assigned upon the rulings of the Circuit Court in sustaining the demurrer to appellant's special plea filed June 7, 1902, and in excluding the evidence offered by appellant of the record and decree of the second maintenance suit. These rulings of the court relate to the legal effect of the institution and prosecution to judgment of the second separate maintenance suit. The learned trial judge held that the proceedings in question did not constitute an estoppel as against the plaintiff, appellee in this case. Counsel for appellant very correctly say, in argument, that under the authorities cited by them this evidence, if otherwise admissible, was admissible under the general issue, and that if such is the case, the error consisted in the rejection of the evidence, rather than in sustaining the demurrer to the plea. If the effect of these proceedings tended to show the assent of appellee to the abandonment and repudiation of the contract by appellant, the evidence was admissible under the general issue, and it was error to exclude it.

It is a conceded fact in this record that after the agreement sued on in this case had been signed by the parties, appellant made at the most only nine payments under it

and then refused to make any more and abandoned the contract. There were then three courses open to appellee: (1) she could stand by her contract, refusing assent to appellant's attempt to rescind it, and sue appellant for the installments provided in the contract as they fell due; (2) she could stand by her contract, refusing assent to appellant's attempt to abandon and rescind it, and sue appellant for a total breach of the contract and for general damages; or (3) she could assent to the abandonment of the contract and thereby effect its rescission, thus placing herself in her original position as fully as if the contract had never been made. Graves v. White, 87 N. Y. 463; Bannister v. Read, 6 Ill. 92.

From the records of the second suit for separate maintenance, which were excluded by the court, it appears that appellee waited for about a year and a half after appellant had abandoned the contract, and then filed her second separate maintenance bill, in which, among other things, she characterizes the agreement now sued on as false and fraudulent, and as having been obtained from her by appellant's fraud and misrepresentations. Appellee prays that the decree dismissing the bill entered in her first suit against appellant be reversed and declared of no effect, and for suit money and temporary alimony and permanent alimony, and secured a decree of the Circuit Court pronouncing the contract void.

In filing and prosecuting this second suit it seems clear that appellee did not stand by and perform her covenants contained in the agreement; that on the contrary she did everything which she had covenanted not to do in the agreement, and procured a decree nullifying the agreement. This clearly signified, appellant having repudiated the contract, that she accepted and joined in the abandonment of the contract. No other inference can be drawn from her action. If this inference can be drawn from the facts disclosed in the record of that suit and its prosecution to a conclusion in the Supreme Court, the law would thereupon say that the contract was dissolved and at an end; and that

the parties were restored to their original position before the contract was made, and neither party could sue for a breach of it. Huey v. Grinnell, 50 Ill. 179; Harrington v. Hubbard, 1 Scan. 569; Williams v. Forbes, 47 Ill. 148; Rowe v. Rowe, 5 Ill. App. 331. It follows then that the evidence of the files and records of the second separate maintenance suit were erroneously rejected.

During the trial the following occurred:

Mr. Doyle (appellee's counsel): "I want it admitted here or else testified that Mr. McKenna at that time in 1894 or 1896 was worth $250,000."

Mr. Craig: "I object to any statement."

The Court: "I think it is immaterial what he is worth."

Mr. Craig: "I take exceptions to the statement of what he was worth."

Mr. Doyle: "I have the right to show this man, when he refused to live up to this contract, he was worth a quarter of a million dollars. I have the right to show that."

Mr. Craig: "I object to the statement of counsel and ask that it be stricken out."

Mr. Andrews: "I intend to make proof on that point."

The Court: "That is a question I am not prepared to rule upon at once. The motion to strike out the statement of counsel and objection to statement of counsel with reference to the financial condition of the defendant, the ruling is reserved."

Later in the trial the court sustained an objection to the evidence and struck out the remark of counsel.

It is contended by counsel for appellant that the action of the court, in striking out the remark of counsel for appellee did not remedy the effect of the remarks of counsel upon the minds of the jurors. With this contention we are inclined to agree.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*